# NO. 12-23-00186-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FARON JACOBY CHIVERS,* *APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Faron Jacoby Chivers appeals his sentence following the revocation of his deferred adjudication community supervision. In one issue, Appellant argues that his sentence amounted to cruel and unusual punishment. We affirm.

### BACKGROUND

Appellant was charged by indictment with possession of between four and two hundred grams of methamphetamine with intent to deliver and pleaded "guilty." The trial court deferred adjudicating Appellant "guilty" and placed Appellant on community supervision for ten years.

On April 20, 2023, the State filed a motion to proceed to final adjudication and sentence alleging that Appellant violated certain conditions of his community supervision. On July 14, the trial court conducted a hearing on the State's motion, whereupon Appellant pleaded "not true" to the allegations in the State's motion. At the conclusion of the hearing, the trial court revoked Appellant's community supervision, adjudicated him "guilty," and sentenced him to imprisonment for forty years. This appeal followed.

### CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the forty-year sentence imposed by the trial court

amounts to cruel and unusual punishment. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and, therefore, failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX. R. APP. P. 33.1; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–67, 82 S. Ct. 1417, 1420–21, 8 L.Ed.2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts repeatedly have held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In the case at hand, Appellant was convicted of manufacture or delivery of between four and two hundred grams of methamphetamine, the punishment range for which is five to ninety-nine years, or life.[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(a), (d) (West Supp. 2023); TEX. PENAL CODE ANN. § 12.32(a) (West 2018). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

---

[1] The trial court's judgment designates the crime of which Appellant was convicted as "Manufacture or Delivery of a Controlled Substance." This also is the offense to which Appellant pleaded "guilty." While the proof required differs between the offense with which Appellant was charged—possession with intent to deliver—and the offense to which he pleaded "guilty," each of these offenses arises from the same statute, and the punishment range for the two offenses is the same. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (d) (West Supp. 2023).

Nonetheless, Appellant contends that his sentence is grossly disproportionate to the crime of which he was convicted. Under the three part test originally set forth in **Solem v. Helm**, 463 U.S. 277, 103 S. Ct. 3001, 77 L.Ed.2d 637 (1983), the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.* 463 U.S. at 292, 103 S. Ct. at 3011. The application of the **Solem** test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in **Harmelin v. Michigan**, 501 U.S. 957, 111 S. Ct. 2680, 115 L.Ed.2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, **McGruder v. Puckett**, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L.Ed.2d 98 (1992); *see also* **Jackson v. State**, 989 S.W.2d 842, 845–46 (Tex. App.– Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in **Rummel v. Estelle**, 445 U.S. 263, 100 S. Ct. 1133, 63 L.Ed.2d 382 (1980). In **Rummel**, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.* 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.* 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.* 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In the instant case, the offense committed by Appellant—manufacture or delivery of between four and two hundred grams of methamphetamine—is more serious than the combination of offenses committed by the appellant in **Rummel**, while Appellant's forty-year sentence is less severe than the life sentence upheld by the Supreme Court in **Rummel**. Thus, it is reasonable to conclude that if the sentence in **Rummel** was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in this case. Therefore,

since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test.  Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered January 3, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 3, 2024**

**NO. 12-23-00186-CR**

**FARON JACOBY CHIVERS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 369CR-20-34476)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*